Good morning. How are you? I'm very well. Members of the Court, I'm Lance Wells. I represent Mr. Robert Combs. Good morning and welcome to Alaska. Your Honors, the question presented for review before the Court's award, this came back on a Booker remand as Mr. Combs' case was on appeal during the time that the Booker case was decided. And the Court sent the case back to the District Court to Judge Singleton in this case to determine basically whether or not there would have been a Mr. Combs' sentence material. At no point had the Court known that the guidelines in this particular case were advisory at the time that his sentence was imposed. The Court's aware Mr. Combs received a sentence of 168 months under the then mandatory guidelines. He was looking at exposure of 168 months to 210 months. And the Court, when it was sent back, the trial court judge asked counsel for both Mr. Combs as well as the government to submit additional briefing regarding whether or not we believe that the sentence would have been materially different. It was our position that the sentence would have been different. I have read the Court's order and I know Your Honors have as well. But, Mr. Chairman, my – Yes, ma'am. Judge Singleton articulated the standard as the distinction between mandatory and advisory guidelines would not have necessitated a materially different sentence in this case. Is that the right standard on the line? That's correct. It is correct? Why? He's saying it would not have necessitated. Is that the issue or is the issue of whether it would have been – whether he would have sentenced differently? I think really the issue here is whether or not it would have been materially different is the issue as to the sentence. Having come back, knowing that – Meaning what? Meaning whether this judge taking into account would have sentenced differently or meaning whether there was some reason it had to be different? Taking into account would it have been sentenced differently? The standard isn't correct. It's wrong. Because he says the question is the distinction between mandatory and advisory guidelines would not have necessitated a materially different sentence rather than would I have given a different sentence. So is that – to me the problem in this case is it's not clear to me Judge Singleton applied the right standard on remand. Is that it or is he just saying in perhaps inartful words I wouldn't have given him a different sentence that would have been much different than what I gave him? I think that's what he thought was that he wouldn't have given him a different sentence. And that's what he's saying there, right? And that's essentially what I drew from his order that came out. And he asked for briefing from both sides as to whether or not it ought to be a different sentence after we sent it back on Ameline and that was his answer after he read your briefs and looked at our – That was his response after he had read it. Well, let me ask you a different question. If an answer on remand is essentially limited in scope to simply asking the same judge who sentenced Mr. Coombs the first time, would you have given him a different sentence if you'd known that the guidelines were only advisory? Isn't that all there is to do? It seems to me that what you're trying to do is to expand the scope beyond what we directed in the Ameline remand and raise issues the second time around that you could have raised at the first sentencing hearing but didn't. Well, that's not essentially true, Your Honor. When the guidelines were advisory and when Mr. Coombs came before the court, there were a number of factors that we were simply drug and alcohol dependence, expert reports regarding the methamphetamine addiction, its effect upon Mr. Coombs. So I don't think the court should look at just the – sending the case back on remand and looking at it in a vacuum. We have to look at it, too, to the defendant's aspect. But I assume you raised all those points in the brief that you filed with Judge Singleton, right, that you ought to consider these as well and that's why you should give him a different sentence than the one you announced? Those issues were brought before the court. Okay. And he looked at that and said, even if I'd known all that, I still wouldn't have given it. He simply, as I recall looking at the order, he said looking at the 3553A factors that he believes that he applied those, that he gave him acceptance of responsibility, that he reduced his culpability from leader organizer from three points down to two points. However, I take a different opinion as to that. It was our position from the very beginning that Mr. Combs, as the court's aware, confessed from the time he was arrested that Mr. Combs essentially had a slow plea before the court in order to preserve the issue that went up previously on the knock and announce. This was a bench trial? Excuse me? This was a bench trial? Yes, sir. It was a bench trial. And Mr. Combs then had that slow plea and put the issue up, but it was our position that the court didn't take into consideration those 3553A factors. Mr. Combs got the acceptance. That's a harder argument to make in a bench trial than in a plea or a jury trial. Could you repeat the question? I'm sorry, sir. That's a harder argument to make. The judge didn't take into consideration these factors in a bench trial case than in a plea case or a jury trial case for that matter because the judge may, well, I don't need to tell you, the judge is deeply involved in the fact-finding process during the trial itself, and so he's constantly evaluating the defendant. That's true, Your Honor. However... You know, it was a district judge presiding over a jury trial, you know, doesn't necessarily have to make evaluations of all the evidence that comes in. There's no need to. And he certainly did in this case, although Mr. Combs did not testify during the bench trial, so he heard nothing directly from my client in this particular case. But he did allocute. Excuse me? He did allocute. Yeah, he did. He did make an allocation. So all I'm saying is, you know, you sort of take the proceedings of the bench trial and, in a sense, you read them into the sentencing process. I believe he did in some aspects. Yeah. But as I was trying to say earlier, with regards to where the judge said, I believe that I applied these factors, I gave him the acceptance, I gave him the point off for the leader organizer, it's our position, our take on that, that the reason he didn't get the three points and the judge gave him the two was he didn't fit the criteria for the sentencing guidelines. At the earlier hearing, he did say, he did discuss deterrence, and he discussed the drug program and why it was a good idea for him to take the drug program. We have a recent case about the degree of articulation that's needed with regard to 3553, and the real question is whether the cross-reference on the amylene mean and the earlier determinations in those regards, leaving aside the acceptance responsibility and the enhancement is sufficient. In other words, he did say some things in 2003. He did. He did make comments regarding Mr. Combs and the drug program. With 3553A factors. He did, in fact, mention the drug program in here to Mr. Combs. He did. He also talked about drug testing of Mr. Combs. And deterrent. And deterrent factor. However, we, as defense counsel for Mr. Combs, were hamstrung in being able to present evidence to the court that the court, in our opinion, could take into account regarding the seriousness of this drug addiction. Unfortunately for Mr. Combs, the court's aware of it. So when you say hamstrung, you profited and the judge rejected it? At the time when the guidelines were mandatory, these issues weren't, they were not available to bring before the court. We couldn't come to the court and discuss some of these issues that we believe should have been brought to the court at that point in time. It just simply didn't matter. But even more importantly in this particular case. And what happened on remand? Did you profit again on remand? When it came back on remand, we did bring into our briefs the issues surrounding the drug addiction of Mr. Combs. Did you say, but we'd like to present, you know, maybe not in so many words, but did you essentially ask and request for further literature hearing to present? We didn't ask for further evidentiary hearings. The court basically indicated that it would read the briefs of the party and decide then if an evidentiary hearing and or resentencing was going to be necessary at the time. You know, you're asking more than I have asked. My question is, did you ask for an evidentiary hearing? No. Could you have asked for an evidentiary hearing? I don't believe that the way the order was framed initially from the judge, how he wanted this presented, he just simply at that time wanted briefs. So if you had said, and we request an evidentiary hearing, you feel you might have been held in contempt? Oh, I don't think I've been held in contempt. I don't think so. I mean, you could have included the request. I don't mean to put you on the spot here. You know, Hunter is always much better than Forsythe. But just between us, I mean, it would have been possible and certainly would not have been improper for you to say, and Your Honor, we do have these witnesses. We do have this evidence bearing on a question of his addiction or the depth of his addiction and so on. I would like to present this evidence, and I'm sure this thing would either have said I don't know whether or not he would have had an evidentiary hearing or not. I know that the order that basically came down indicated that. But did you say in your submission on the amyloid remand that there is the following thing should have been, we would have under advisory guidelines presented evidence about Y and Z. Yes. That we didn't present because of the mandatory guidelines. Yes. Does the judge seem to want to comment on any of that in his order? I'm not talking about the additional issues. I'm talking about just what would have happened strictly on the question of the consideration of other factors. No. You have about half a minute over your time. We'll give you time for rebuttal. Thank you. We'll give you a minute. We'll get on the government. May it please the court. I'm Joanne Perrins and I'm an assistant United States attorney here in Alaska. How are you? Are you familiar with a recent opinion dated July 17th in the United States? If you would summarize the facts, I believe I probably am familiar with the opinion, although the name does not ring a bell. You want me to brief the case? It was a sentencing case. Essentially, what happened in the case is that we remanded because the panel held that the district court had not sufficiently articulated that he had considered all the factors, all the relevant sentencing factors. Yes, Your Honor. I am familiar with that. I believe that that was an appeal of a post-Booker sentencing. Why should that matter? It matters, Your Honor, because in this case, this was not a resentencing. This was a case in which the court of appeals remanded and asked the district court a single question. The district court answered that question properly following the procedure set out in Ammaline. Interestingly enough, it appears that this is the first case where an Ammaline remand has, at least as far as my research disclosed, where an Ammaline remand has made it back to the court of appeals. I am quite troubled by the question of whether he did apply the right standard, because he didn't articulate it as it was articulated in Ammaline. He said the distinction between mandatory and advisory guidelines would not have necessitated a mandatory or at least different sentence. And it's not just a matter of words either, because his analysis was essentially directed that way as well. In other words, he doesn't say, are there other factors that I might have taken into account under advisory guidelines that I didn't take into account under non-advisory guidelines? And apparently he was advised in the motion that there may be such factors. Instead he looked and he said, what did I do before? And then he says, well, it wouldn't have necessitated that I do anything else. In other words, he was saying this could have been an adequate sentence or a valid sentence under advisory guidelines. And he's right, it could have been. But that isn't the question. The question is, was it? Would he have taken other factors into account? And might he have come up with something else? That's what I understand Ammaline to be saying, not the question he answered. I agree with you, Your Honor. And I think that in that articulation of the statement. What were you criticizing him as his remand and asking him to do it right? No, I think he did do it right. I'm sorry, Your Honor. I think, in fact, if you look at his order, he twice, three times articulates what he's doing. And twice he sets it out accurately. The first page of his order at the excerpt 140, the court actually quotes the Court of Appeals remand directive. Asks the question, whether the sentence imposed would have been materially different had the district court known that the guidelines were advisory. And then he goes on to answer that question. And the last page of his order he says again, and this time he articulates it this way. In conclusion, it does not appear that advisory guidelines would have resulted in a materially different sentence than Combs received under the mandatory guidelines. As Judge Tallman commented, I think he did inartfully. But what he never considers and what seems to support the mindset on which he was operating, and this is important because, as you say, it seems to be the first case in which an Ammaline remand order has actually come back to us, or at least was in a report, I think on a reported case. He doesn't consider whether there is other evidence that might have come in, that he might have entertained, or is he doing an advisory guideline sentence. That's an interesting issue because I believe that under an Ammaline remand, the first step of the analysis is to be on the original record. The court is not to gather additional evidence. I do think. If there had been advisory guidelines, I would have presented X, Y, and Z, but I couldn't present it under the mandatory guidelines? I believe that had the defendant made such a representation, that they would have received an evidentiary hearing and probably a resentencing. In fact, I think if you just said to me I thought that that isn't an appropriate inquiry under Ammaline. Because I think that what happens then is the court would say, yes, it appears that the original sentence would have been materially different, and therefore there's going to be a new sentence. As I understand it, that presentation was made and he never addresses it here. And I think that's inaccurate. I think that if the court reviews the post-remand memorandum, there is no offer of proof. That's the question. What's the right offer? Exactly. The defendant attempted to argue that there were errors made in the original sentencing under the guidelines analysis, but there was no offer of any additional information about the defendant that the defendant wished to proffer to the court. If that's right, then you're right. Ms. Farrington, is there a distinction between, in our case law, between an Ammaline remand and a vacating and remanding for resentencing? Yes. I think that there is a significant difference because the Ammaline remand is on the original record. The initial decision by the district court is to look at the original sentence. In fact, Ammaline tells the court what it's to do. So what happens at that step when the judge looks at it and says, you know, I remember exactly what I was thinking at the time of sentencing. I've gone back. I've looked at all of the materials. I've read the transcript of the hearing to sort of the Freshman and Collection. It is if I were ahead of my mind as it would have been yesterday. And I tell you, this is a sentence I would have given him even if I had known that I could give him a non-guideline sentence. What happens then? Is that sudden death? Exactly. Because what that does is it establishes that the Booker error in the original sentencing was harmless. No, it doesn't. Now, you said it was not proper, and I'm going to assume that for now. I don't have the memorandum. But suppose there was a problem. Suppose they had come in and said, look, it wouldn't have been the same because, you know, guideline section such and such says this evidence isn't pertinent to a departure, for example, but you could have considered it on an advisory guideline. And so I didn't offer the evidence before, but I'm telling you this is the evidence I would have presented. Suppose that was the memorandum. Now, you seem to be saying two different things, and I don't understand which one you're coming down on. Are you saying it doesn't matter? The district judge only had a look at the prior record and say, this is what I would have done on that record. Are you saying it does matter? And with such a representation, the district judge did have to go through something beyond the prior record and consider whether these other factors, if presented, would have mattered. Which one are you saying? I don't want to push my argument further than I need to at this point. The Ammaline dissent made exactly that point. The Ammaline dissent said, wait a minute, there may be other things outside the original record that if the defense had known the guidelines were discretionary, they would have put on the record. So therefore, looking at the record isn't going to be enough. The majority essentially rejected that argument. On the other hand, this court has not decided the question of if on an Ammaline remand, if the defense makes a plausible proffer of evidence that it would like to put on the record, whether the district court should then decide that there should be a resentencing. I don't think that question needs to be decided here. I don't think that record's been made here. That's still an open question. I think that Ammaline says the Ammaline remand should be on the original record, period. And to follow up on Judge Kuczynski's question, procedurally, can you confirm for me that this is what our district courts are doing, at least in the District of Alaska? The judge considers the memo. He issues, in this case, his decision saying the sentence would not have been any different. And at that point, there is nothing done with regard to the judgment and commitment order that he previously entered at the first sentencing. It remains as the criminal judgment in the case. That's correct. If he decides, however, that he does need to resentence Mr. Combs, then he vacates the prior judgment and commitment order. He brings Mr. Combs back for resentencing. And at that point, it's open for both parties to address any additional evidentiary points, proffer any additional evidence that they think is relevant that will inform a new sentence, which will then be incorporated into a new judgment and commitment order. That's exactly right. Is that right? Okay. Judicially, what are we doing here? We don't have a new judgment. So we're still back in the first case, the first appeal, but it was a limited remand? Is that what I meant? That's my belief, yes. As I read the law, that's what is happening here. The issue here was whether there was plain error under Booker so that the court of appeals in the first case couldn't take notice of it. It's awkward. I agree. Jurisdictionally, it's difficult. But that is my thing. So the district court doesn't really even have to get the views of the parties on this. Let's say the district court, you know, finds out about the amending order before the parties have a chance to breathe it, looks at it, does whatever preparations necessary, looks at the transcripts, thinks about it, consults any notes he might have, consults mentally, and says, yeah, I remember this case very well, and I really thought that was the appropriate sentence and guidelines or not, that's a sentence I would have given him. Could just cut an order saying that, and that would be the end of it? No, because Amaline directs the district court to accept the views of the party. It says something, I forgot. I forget exactly the language. Normally in consultation with the parties, I wasn't quite sure what they meant there. Since it's all sort of dredging up the judge's own thinking, I'm not entirely sure how the parties can help. Maybe they could sort of reenact the first sentencing to sort of help the judge. But it wasn't clear to me that certainly the state requires. Well, I think that the district courts have certainly been reading it, as they are expected to at least offer the parties an opportunity to defend. But isn't one of the reasons for that precisely because there may be other, there may be a proffer of other evidence? I find very troubling the notion that that's an irrelevant consideration. Because if so, I don't understand why we're bothering. I mean, Judge Kuczynski says, I mean, the judge knows what he thought, the question, and he knows what the old evidence was. What he doesn't know is what may be out there that he wasn't brought before him because it wasn't pertinent to the old scheme. I do agree that that's a difficult question, that I don't think that this court has to decide. I mean, wasn't Emmeline essentially dealing with a situation? We had cases where judges imposed guideline sentences and said, gosh darn, I sure wish I could sentence outside the guidelines because this defendant, I think, is being punished too severely, and if only I had the power to do it, I would sentence him to half as much time, but I don't have the power to do it. So Emmeline said, well, sometimes judges say those things, and we have them on the record. Sometimes they think those things, but we don't have them on the record. It's not really fair to have a defendant who has a judge who spots off on the record being treated, that being proof of prejudice, whereas a judge who's more reticent or less vociferous about his view, that defendant should suffer. So why don't we put everybody on the same footing by giving essentially every district judge a chance to spout off his personal views as to whether he would have filed that one? That's what I thought Emmeline did. So if the judge says I've looked at it all, I don't need to hear from the parties. I know what my thinking is. I would have sentenced exactly where I thought was the best sentence in the world for this defendant. And sometimes it is clear on the record what the judge thought, and the court would have been or is now, in fact, I think, still assessing whether or not the plain error standard is therefore met. One thing that the court noted in Emmeline is that here this is a relatively simple and fast procedure where we can be sure. The district court can tell us for sure whether or not there's plain error here. And so what we're going to do is just remand these cases unless it's absolutely clear on the record. And that's the procedure that was adopted. I do think that Emmeline clearly contemplates that it's to be, that the assessment is to be made on the original record. But that's true. It means that we've created a huge hole in that there are cases in which really would have been different that we're never going to catch. Well, that's the consequence of having waived the error by failing to object. Remember, this is plain error analysis. The question is whether or not the district court's judgment would have been different had he known or she known that the guidelines weren't mandatory. That's the only question. Doesn't it also assume that there is some sort of a difference in the advisory guidelines and the 3553A factors that would cause new proof to be introduced that would not have been admissible under the mandatory guidelines sentencing regime? That's true. And I don't think that's an accurate assumption because I think that given the judge's discretion to sentence within the range, even on a prohibitive factor, there was always an incentive for defendants to make their pitch for sympathetic circumstances and circumstances that might cause the judge to sentence at the bottom of the guideline. Those circumstances, I'll pick a common one that when I was a defense lawyer, we used to get a lot of mileage out of. My client is a prominent member of the community, and he does all these wonderful things for his church and so on, are expressly disfavored in the guidelines. And that really is true today, even though the guidelines are advisory and not mandatory. The guidelines still say that that's not really a relevant consideration, right? So then the question is, under 3553A, are there any factors listed in the statute that would permit the district court to take that into consideration in fashioning a reasonable sentence after considering the advisory guidelines? It's actually my view that the guidelines take into account, an accurate and complete application of the guidelines, take into account virtually all these facts and take them into account in the statute. All these facts mean factors in 3553A. They expressly don't take that into account. They expressly, as Judge Thomas says, do not take it into account. They do take it into account in the sense that it can affect the judge's discretion in sentencing within the range. Even factors that the guidelines say should not be considered as for departures. Okay. Thank you. I believe that Judge Barzon is correct when, basically, would the court have taken other factors into account, whether the other evidence might have come in and have been entertained by the court? The question is, did you actually raise this? Yes. And I direct the court's attention to excerpt page 131, which basically directs the court. These were things that were all brought to the court's attention. And we wish to argue those factors again before the court. But is the court so aware of them? But were they brought to the attention the first time? In other words, is this a question of, I mean, as Ms. Barrington suggests, these are factors that you might have otherwise not raised. But are they brought to the judge's attention anyway for sentencing within the guideline range? In answer to the question, were they specifically brought up during the first sentencing, they were touched upon during the first sentencing. But certainly not to the extent that they can be brought up now under the now-advised guidelines. And didn't you say we want to introduce, we have different evidence. We didn't present this previously and we want to present it now. Well, I think that is. As opposed to arguing on the former record. Right. Absolutely. I think we should have the opportunity to be able to present that evidence. No, that is the question. The question is, did you ask to introduce evidence? At the original sentencing? No, now. Did you say there were factors that under the mandatory guidelines we did not present because they wouldn't have been pertinent? Yes, and that's discussed in our brief and in our excerpt as well. So those issues have been brought before the court. I'd ask the court to take that into account and send this matter back for resentencing. I think it's correct that this is basically looked at as a simple and a fast procedure to a certain extent. But I think the court's obligation is to get it right and to come back and consider these factors under the now-advisory guidelines. Thank you. Thank you. KJ Seidlis. Thanks for this.
judges: Kozinski, Berzon, Tallman